Case number 21-5598 United States of America v. Daniel Miller. Oral argument is not to exceed 15 minutes per side. Mr. Ritz for the appellant. May it please the court. Kevin Ritz for the United States. I'd like to reserve 3 minutes for rebuttal. This case is about whether Tennessee drug delivery convictions are controlled substance offenses under the guidelines. This court has held that Michigan and federal drug delivery convictions qualify. Tennessee's statute is just like those statutes and so they should qualify too. Because the district court found otherwise this court should vacate and remand for resentencing. I'd like to start with case law and explain why the Garth-Booker-Thomas line of cases control here and not Havis. In the Booker-Thomas-Garth cases this court essentially interpreted Havis and told us how far Havis went and what Havis stood for. In Thomas, for example, the court said Havis did not hold that the party's assumption in Havis was correct. So that's a statement about what Havis held and what it didn't. In Booker this court said that based strictly on the party's assumption in Havis we had occasion to decide the larger question of course in Havis about the guidelines commentary and the text. So in our view Havis stands for the rule that has been applied in many other cases about the relationship between the commentary and the text. What if we thought that Havis actually stood for more and that this should be decided by an en banc court as opposed to a panel? Your Honor, if you thought that we would lose. In our view that's not the right way to read Havis. There are times when we as advocates stand here and try to tell this court what it meant and what it didn't mean by its own opinions. Here we have the best evidence of that which is what this court has said over and over since Havis what it meant and what it didn't mean. Do we have any cases in this circuit that hold as Judge Moore has suggested that we're bound by Havis and that Elliot and Thomas and Garth are not cases that we should follow? Are there any post Havis cases that you can cite from this court that stand for that proposition? That stand for the proposition that we're bound by Havis? Havis to the extent that we would determine that we'd have to have this issue decided by an en banc court that Havis controls, can't distinguish it here. Elliot, Thomas, Garth have gone off in a rogue direction not following the en banc court. I don't believe there is a case. I think the answer is this is the first case since Havis to our knowledge where the court would need to directly confront Tennessee delivery and whether Havis controls the question of Tennessee delivery. And in our view again what this court has said is that the parties got it wrong in Havis. This court took that assumption at face value and decided of course the much larger significant ruling in Havis. But you've just said then that those panels that you're relying on had dicta saying that Havis did not control vis-a-vis the substantive issue of Tennessee law but only controls vis-a-vis the looking at commentary of the guidelines. In our view it's not dicta. But you said it wasn't essential to those decisions in that this is the first case where we need to confront the Tennessee law issue. Specifically yes. So doesn't that make it dicta in those other cases from the Sixth Circuit after Havis? No, Your Honor, and the reason is because those cases had to grapple with this erroneous assumption in Havis. But they were dealing with Michigan law for instance. They were, that's right Judge, Michigan law and federal law. And this statute, but what they said about that assumption on Tennessee delivery, if I wasn't precise, no those cases were not about Tennessee delivery but what they said about the assumption was not dicta. They said that that assumption was wrong. You're saying that if we took Havis at face value the Michigan situation would have to have come out the other way. I'm not saying that, Judge. When we take Havis at face value we have the rule that guidelines cannot, the commentary cannot expand upon, it must just interpret the text. That's what Havis stands for. But why is Thomas relevant or the Michigan, or the federal, why are they relevant to us here? Because they said they weren't controlled by Havis, right? I don't know that they say that, Judge. Neither the United States in this case nor those cases were saying that this court is not bound by Havis. Of course, Havis is good law, it binds this court here. It has had, and I guess I should assure this court, Havis has had an enormous impact in our cases. It will continue to have an enormous impact even if this court rules in our favor today. But on this particular question it was essential to Thomas and Booker to reason and to hold that the party's assumption was wrong. And the reason that's relevant is because this statute, it's exactly the same. It's actual constructive or attempted transfer. That's what this delivery statute says, that's what Michigan and federal. And to allow Tennessee delivery to not qualify would result in a state of the law and a landscape that we submit would not make sense. I also want to say that even if this court rules in our favor it does not necessarily mean that all state drug delivery convictions qualify. This court has held that convictions that sweep in offers to sell. For example, the Texas's delivery statute, that's out because that's an attempt. Offers to sell, that's an attempt and so therefore over broad and out. But for statutes that read this way, the only sensible answer we see and the way to tie up this loose end is to hold that Tennessee delivery fits comfortably within the distribution. And the Michigan and Tennessee language at issue is nearly identical, is that correct? In your view? Yes, it's meaningfully identical. I can read them here. But the actual constructive or attempted transfer, absolutely the same. And the federal statute, from one person to another language is a little bit different in those three statutes. But it's the same. I guess what I would say to this court is without Booker, without Thomas, we would not be here today. I don't know whether I could say without Garth we wouldn't be here. We only really had to grapple with Garth for about a month and then Thomas came out and said, well, to the extent you could argue about whether it was dicta in Garth because that case was about possession with intent. It's not dicta. It's the fact, the way to interpret Havis is that the parties... I'm confused by that statement, though. You would be here no matter what, wouldn't you? Once Judge Sutton's concurrence came out on the reconsideration, wasn't it obvious that we were going to have to, somebody was going to at least be receptive to revisiting this question? Your Honor, my recollection is we actually didn't press it at that point. We certainly noted it. I think Judge Sutton flagged this question, but of course that's just a single, no offense to Judge Sutton, just a single judge opinion, not binding on anybody. We waited. There was a case, Alexander, where the government actually conceded this question.  But then when Garth came out, and I guess what I would submit is what we're doing is acting in good faith to figure out the reach of the very significant Havis opinion. And we do that in the categorical approach universe all the time. An opinion comes out, we try to figure out where does that leave certain convictions. Are they in? Are they out? And again, when we had Garth and certainly Thomas and Booker, in our view the answer is now clear. But there is the question, and you mentioned that the Havis concurrence on reconsideration was just one judge. No other judge from the en banc court joined it. So wouldn't it be appropriate for this issue to be an en banc issue as opposed to a panel, essentially overturning an assumption that, as you put it, an assumption that the entire unanimous en banc court made. It's rare that we have unanimous en banc opinions. It did not escape our notice that we did not get a vote in Havis. And as I said, in the absence of Booker and Thomas, we wouldn't really have a leg to stand on. But those cases have told us, Your Honor, that that assumption was wrong and it was an unexamined assumption. It was not something, if you look at the Havis en banc opinion, essentially there are two sentences that say anything about this question of whether Tennessee delivery sweeps in attempts. The first sentence is basically an observational point that the parties agree that it does. And then at the very end, this court, after it had reached its ruling on the guidelines commentary, said, well, because it does, this is our result. If we could get to the substance, I am a little bit wondering, just as a matter of language, how can someone who attempts to transfer drugs in Tennessee, which is considered the completed offense of delivery, be different from someone who attempts to deliver drugs, which is not within the delivery? What's the difference? And second of all, the cases tell us quite a bit about what attempted delivery is under the attempt statute. And we have Tennessee State cases that Medford, for example, is one where the defendant showed drugs to somebody. It was essentially an offer to sell. Here are good drugs, you should buy these drugs, here's my pager number in case you want to buy these drugs later. That was a specific intent and a substantial step, which under both Tennessee law and federal law are the elements of an attempt. Attempt of what? Attempted delivery. Attempted delivery, why is that not attempted transfer? Your Honor, under the text of attempted transfer, that's going to be a completed delivery. Wait a minute, say that again? Attempted transfer is completed delivery? Under the text of the statute. That's what all of these cases, this Court's cases have now... Just as a matter of wording, what can make the difference between an attempted transfer and an attempted delivery? I truly can't imagine a case that would be one and not the other. I think perhaps one hypothesized fact pattern, because the cases don't tell us a lot about attempted transfer. But a transfer, the first thing we'd say is it's not the legal meaning, it's the ordinary meaning of what transfer is. Ordinary meaning is to convey from one person to another. So if you're trying to transfer from Person A, the deliverer, seller, to Person B, the purchaser, and let's say Person A drops those drugs for pickup by Person B, and someone else picks them up instead. You have attempted to transfer to Person B. But have you attempted to deliver also? Well, perhaps yes, but you've also done the completed act of attempting to transfer from that one person to the other. But under the statute, there could be, under the attempt statute, is there an attempt to attempt to transfer? There could be, yes. I think the problem here, one of the problems, is I don't, I share some confusion about the concepts, Judge. The cases don't really separate out theories of liability when we talk about completed delivery. Neither federal cases nor state cases, right? And I've asked around our office, it's very rare, I think, for us to proceed on an attempted transfer theory when we charge completed distribution. So at the end of the day, a jury is not asked to determine whether it was an actual transfer, constructive transfer, or attempted transfer. But either way, it's a completed delivery under the text of the statute and just as significantly under this court's case law. Under what it is said represents a completed delivery, Michigan federal and Tennessee law is the same. And the last thing I'll say. But my hypo, I don't feel that I have, or my question, I don't feel that I have the answer as to your example, why it isn't both attempted delivery and attempted transfer. I think in my example, there was actually a completed transfer as well, as well as the attempted transfer to the person B. That's because somebody else picked it up? Yes. But suppose nobody picked it up? Your Honor, I think at the end of the day, it's a situation where perhaps we could have charged it either way. And that's not uncommon in drug cases. My purpose in asking this question is to wonder whether there is literally any difference between attempted transfer and attempted delivery. Where it would be one and not the other. And I don't understand this whole array of law that's arising here to try to distinguish this. And then to say that people who are convicted under this Tennessee statute automatically are convicted of a qualifying offense. But that may be my problem as opposed to other people's problems. I understand what Your Honor is saying. I guess if it is a problem, this court, in our view, is bound by what it said already. This array of case law. And the last thing I'll say on this notion is it's actually Mr. Miller's responsibility to show a reasonable probability that Tennessee would extend its statute beyond the bounds of the federal sentencing enhancement. And as we said in our brief, we don't believe he has. Thank you. Good morning. Diane Smothers for the appellee in this case, which is an odd position for me. Mr. Miller. Your Honor is obviously well familiar with our filings. And I share, I guess, the confusion or the difficulty in parsing out this issue. It appears to me it's almost reached the point of it's this difficult to find it, to make it fit. Then as I indicated in our filing, it may be that the parties were correct in Havis, even though, and I understand certainly we're all familiar with the Garth opinion and subsequent cases which, and I will concur, I believe it is dicta, the comments or the statements in those cases in relation to Havis, that this assumption is what drove the decision. And now upon reflection, the assumption may be off. But even with those comments, which we believe are dicta, the Ombak court very, very clearly chose not to go that way. Chose not to proceed on the matter in a way that would have dealt directly with that issue. And I think, for instance, in Garth, which dealt with a different section in the Tennessee statute, as we all know, is divisible and it has subcategories in it that give rise that are charged depending on the underlying facts. And Garth dealt with possession with intent, a different subcategory than Mr. Miller. And the question, as Judge Moore is asking about, the question that I simply cannot make fit factually before even getting to a legal consideration is how an attempted transfer, attempted, is a completed delivery because attempt and completion definitionally appear to be different things. And the Tennessee statute and many state statutes have a separate attempt statute. I don't know that in my decades of experience in federal court I have ever had a client convicted of attempt to deliver. I'm not sure that I've had many that were ever charged with it. I don't know that it would to both. I think, and the government brings that up to a great degree, that we would lose, the government, we might lose the ability to enhance a sentence or that the guideline enhancements for sentences, whether it's under career offender or in a firearm case with an offense level, we would lose the ability to do that under 841 or 846. I don't believe that's accurate. I think they would still have, and as we're charged today, again, it's clear that I don't have a case that charges both. Upon a finding, upon decisions by this court that, for instance, conspiracy might not support this enhancement, but aiding and abetting would, then the indictments shift. And we see pressure to resolve a case with a direct charge of possession with intent, actual distribution, as opposed to a conspiracy. So we've seen that shift, and the government, I think, would not lose any ability to pursue those matters, and I think the sentencing would still be, as we see it from our vantage point, severe, it would still be substantial. The government argues that these other cases dealing with the federal law or Michigan law would be inconsistent with continuing to follow the Havis law vis-à-vis Tennessee. Are the Michigan and federal statutes, in fact, identical to the Tennessee law in the material ways here? We offer that they're not identical. I think specifically with Tennessee and Michigan, Tennessee, setting aside the issue of the separate attempt statute that Tennessee has, as we said in our brief, the way Tennessee has prosecuted those cases shows that they do include attempt. And again, if you look at jury instructions, for instance, in the Tennessee cases, it isn't parsed out. If they're charged with that crime, as Mr. Ritz has indicated, you end up with a conviction, and even if you look all the way through it, there's no jury instruction that makes clear it includes this or it doesn't. So I think the way Tennessee handles it, and we're right back, I would offer, with the question that you have asked, Judge Moore, which is if an attempted transfer is a completed delivery, because in the normal world, in the non-appellate filing world, transfer and delivery for most people would mean the same thing. It's something going from one point to another or one person to another. And to say that an attempted transfer is a completed delivery may not rise to the level of nonsensibility, but it's on that track. It may be, but I don't know. We've got too late to turn back now, isn't it? Is it just that we would carve out Tennessee and say, I don't see any material differences in the language, so I guess, I'm not sure where to go with that. Even if it is odd and doesn't really make a lot of sense, it's kind of, we've already picked a side, haven't we? Well, I think, again, I think where we are is that this panel, I think it is an en banc situation. I think. But if two parties agree to something, let's say I stipulate to something and it leads to a decision, and a different party later says, well, I wouldn't have agreed to that stipulation. I mean, that doesn't bind me. Those parties can agree to something in their case. I mean, they can re-litigate that, can't they? I mean, if the government says, yes, we agreed in Havis that this was an attempt, but now we're saying, you know, we made a mistake, whatever it is. I mean, they're not bound, are they, by that stipulation? What is the theory that Havis, that we can't, that somebody couldn't just revisit what Havis said? I don't believe the legal reality is that it can't be revisited. I simply think a panel cannot revisit it. And that's where we are and have been, and I think Mr. Rich is correct, this is the first, to my knowledge, the first appellate case with that very specific posture. Garth and these other cases have dealt with it, but I think we're moving toward... I'm sorry to interrupt, but is there something here that's different other than it being specifically Tennessee, and specifically was the issue in Havis, or at issue in Havis? In other words, is there some other, that's what I'm saying, is when we decide with regard to Michigan, if we say the Havis assumption was wrong, are we not bound at that point by what that, I mean, maybe we're not, I don't know, but what would the theory be? Well, I would offer respectfully that I think that statement was dicta, that it's not the holding of those cases. And because of... Is it dicta in Garth, or Thomas, or Booker? Yes, sir. Okay. Yes, sir, that's what I mean. So there, also to proceed down this line, there would be two ways that Tennessee law could be different from federal law or Michigan law. One way would be that the statutory language is different, and the other way would be that the cases interpreting that state statutory language would be different. Do you have a belief that you can explain to us as to how, if at all, Tennessee is different, either in the statutory language or in the case law? Your Honor, I believe that the state cases, and we've set that out in our filing in reference to the Faulkner case, but then other cases, state versus Underwood, Pentagor, if I'm pronouncing it right, there was a guilty plea to attempted delivery, jury found the defendant guilty of attempted with the charge being delivery. So I think that Tennessee law shows that it seems to be subsumed, that you can be charged with one and plead to attempt, not the attempt statute, but plead to attempt. But can you point to a difference in terms of the Tennessee law and the Michigan law where there is a meaningful difference in the language? The language appears to be, I think the government says, meaningfully similar. It looks to be quite... There's very little difference in the actual textual language. I think it's more in the application, or the application with Michigan and Tennessee. Yes, ma'am. That is, I believe, what you would find. I think the language itself is very similar. And again, that brings us to an issue that's come up in a variety of cases in the criminal docket here, is how does the state handle this? And I think in this particular case, the state handles it very differently than the federal law or the federal application of that law would. And again, respectfully, I mean, we understand Garth and all the cases that have flowed since Havis, but I think that this particular issue, very narrow issue of does delivery count or not, just to say it in kind of a non-legal way, is something that an individual panel cannot satisfactorily deal with, and that on-bonk review is what is required regardless. I know how I would prefer it to come out, but regardless of how that ultimately resolves, I think because of the language of Havis, that's where we are. And I think that's why those subsequent cases have not ruled to the contrary. Can you think of any instance, sort of the same question I asked your opponent, where in Tennessee there's a difference between somebody who attempts to transfer drugs versus somebody who attempts to deliver drugs? I mean, as a sort of a lay person without linguistic ability, I would say transfer and deliver are similar terms. I think if you ask anybody on the street, if you did a man on the street interview, I think that's the answer you will get. It's the same. And I understand that legal questions are not always resolved in a way that a lay person would think makes sense, but I simply cannot factually envision something where a defendant attempts to transfer, give, sell, trade, use any synonym you want, getting it from me to you, and that those are not really synonymous. I mean, I can't come up with it. And that's why this issue is so puzzling. I honestly cannot think of a factual scenario where they would not be basically synonymous. But if there are no further questions, that's all I have. Thank you. Three points, Your Honors. First, Tennessee's law statutes are the same as Michigan's and Federal's, and there is no meaningful difference or any difference in how Tennessee cases or case law have treated this issue and the delivery statute. As we said, Mr. Miller has not pointed to any cases. Well, your opponent just mentioned three cases, Faulkner, Underwood, and Penegar. And those cases are, with the exception of Faulkner, Penegar, Underwood, those are cases under the Tennessee attempt statute. They are attempted delivery. If Mr. Miller had those types of convictions on his record, they wouldn't qualify. So those could be attempt to transfer? Could be, yes, Your Honor. And that leads me to my second point, which is to try to get at this difference. I'm sorry. What about the other case? So Faulkner is a little bit, appears to be an outlier. It's an unprecedented case. It does say that attempted, completed delivery, you know, essentially says that attempt is lesser included of completed delivery, which is true. It then goes on to say there is no crime of attempted delivery. That appears to not be true if you look at these other cases in Tennessee that are subsequent to that. So we don't believe it has much to say here. But to follow on what I was going to say, the same fact pattern, especially in drug cases, can give rise to liability under multiple statutes. And that happens all the time. For example, we could charge essentially any most distribution cases as possession with intent to distribute, sometimes vice versa. And so sometimes it's possible that the same fact pattern could support an attempt conviction or a completed delivery conviction. We have to look at, under the Shepard analysis, what was convicted, what the defendant was convicted of, and what that represents. The last thing I do want to say is to carve out Tennessee here would result in a patchwork of case law that just doesn't make sense. To treat Tennessee differently from Michigan and federal distribution and delivery would, as we point out in our brief, mean that the similarly situated defendants would be treated very differently. In our view, that's not the right answer. The right answer is what Garth, Thomas, and Booker have said. I'm curious, do you know whether Ohio and Kentucky are fit? I believe this court has noted slash held that Ohio's delivery statute is one of those with offers to sell, and so therefore is over broad. I don't know whether my colleagues in Ohio have taken issue with that conclusion yet, or if that's a binding case. But I believe, I actually think that was Evans. That was Evans, which was the case that Havis overruled. Evans was about Ohio delivery. I think Ohio's is like Texas's, which this court has held that Texas's is over broad. At the end of the day, ruling in our favor, in our view, is consistent with case law. We ask this court to vacate and remand. Thank you. Thank you both for your argument. The case will be submitted, and would the clerk call the next case.